IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ANDREW A. HERZOG, | ) | CASE NO. 8:10CV88 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM |
| | ) | AND ORDER |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff filed his Complaint in this matter on March 4, 2010. (Filing No. 1.) Plaintiff has previously been given leave to proceed in forma pauperis. (Filing No. 7.) The court now conducts an initial review of the Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2).

I.   SUMMARY OF COMPLAINT

Plaintiff filed his Complaint on March 4, 2010, against one Defendant, the State of Nebraska.[1] (Filing No. 1 at CM/ECF p. 1.) Plaintiff is currently a patient at the Norfolk Regional Center. (Id. at CM/ECF p. 2.) Plaintiff's allegations are sparse, consisting of less than one page. Plaintiff alleges violations of his "1st amendment right to practice religion in private or in group settings." (Id. at CM/ECF p. 4.) In support, Plaintiff states that he and other patients are not being allowed to practice "Wicca in private group settings." (Id.) Plaintiff seeks monetary relief in the amount of "$400 million dollars." (Id. at CM/ECF pp. 4-5.)

---

[1]Plaintiff references six individuals later in the Complaint. (Filing No. 1 at CM/ECF p. 3.) However, as set forth in Federal Rule of Civil Procedure 10(a), "[t]he title of the complaint must name all the parties." Fed. R. Civ. P. 10(a). The title of the Complaint in this matter names only the State of Nebraska and that entity is therefore the only Defendant.

## II.     APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. See 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion thereof that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A pro se plaintiff must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed" for failing to state a claim upon which relief can be granted. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1950 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."). Regardless of whether a plaintiff is represented or is appearing pro se, the plaintiff's complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985). However, a pro se plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dep't of Corr. & Rehab.,* 294 F.3d 1043, 1043-44 (8th Cir. 2002) (citations omitted).

## III.    DISCUSSION OF CLAIMS

The Eleventh Amendment bars claims for damages by private parties against a state, state instrumentalities and an employee of a state sued in the employee's official capacity. *See, e.g., Egerdahl v. Hibbing Cmty. Coll.,* 72 F.3d 615, 619 (8th Cir. 1995); *Dover Elevator Co. v. Arkansas State Univ.,* 64 F.3d 442, 446-47 (8th Cir. 1995). Any award of retroactive monetary relief payable by the state, including for back pay or

damages, is proscribed by the Eleventh Amendment absent a waiver of immunity by the state or an override of immunity by Congress. *See, e.g., Dover Elevator Co.*, 64 F.3d at 444; *Nevels v. Hanlon*, 656 F.2d 372, 377-78 (8th Cir. 1981). Sovereign immunity does not bar damages claims against state officials acting in their personal capacities, nor does it bar claims brought pursuant to 42 U.S.C. §1983 which seek equitable relief from state employee defendants acting in their official capacity.

Here, Plaintiff seeks monetary relief only against the State of Nebraska. As set forth above, Plaintiff may not sue a state for monetary relief absent a waiver of immunity by the state or an override of immunity by Congress. There is nothing in the record before the court showing that the State of Nebraska waived, or that Congress overrode, sovereign immunity in this matter. As such, Plaintiff's Complaint must be dismissed.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Complaint (Filing No. 1) is dismissed without prejudice. All pending motions are denied as moot; and

2. A separate Judgment will be entered in accordance with this Memorandum and Order.

DATED this 15th day of April, 2010.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.